Deaderick, J.,
delivered the opinion of the court:
Keith and Rushing have appealed to- this court from a judgment pronounced against them by the. chancery court, at J aebson, upon a note executed by them in part payment of the Novelty Works.
The entry of the judgment is entitled, “D. M. Wisdom, C. & M. and Commr., for the use, etc., v. John Y. Keith and C. E. Rushing.” The entry recites that D. if. Wisdom, clerk and commissioner, on the 25th day of June, 1373, being one of the days of the June term of the chancery court, at Jackson, Tenn., came, and on motion, and it appearing to the satisfaction of the court, that on the 4th of July, 1871, said chancery court ordered and decreed a sale of the property known as the “Shannon Novelty Works,” in the case of Milton Brown, Exr., and Martha Brown, Extrx., of Henry Brown, deceased, James M. Woollard, and others, v. The Shannon Novelty Works, John Y. Keith, and others, and appointed D. M. Wisdom as commissioner, to sell said property for the payment of the debt set out in the decree, with power -to sell the same at private sale, one-third cash and the balance in six and twelve months’ credit, with security, and it further appearing that said Wisdom, clerk and commissioner of said court, sold said property privately on the 6th of January, 1872, to John Y. Keith, for the sum of eighteen thousand dollars, six thousand dollars paid down, and two notes each for six thousand dollars, were executed for the balance due at six and twelve months, respectively, payable to said D. M. Wisdom, clerk and master, with C. E. Rushing as surety; that judgment has been rendered by the court, on the first of said notes, against Keith and Rushing; that the second of said notes became due and payable on the sixth day of January, 1873; that the same remains due and unpaid, *433 amounting, principal and interest to the date of judgment, 25tb of .Time, 1873, to $6,170, as appeared from tbe note of said Keith and Hushing then exhibited to the court.
Thereupon a judgment was rendered by the court in favor of said .1). M. Wisdom, clerk and master, for the use of the complainants in the bill, who' are severally named in the judgment, against said Keith and Kushing, for the said sum of $6,170, and the costs of the motion.
It was further adjudged that a lien was retained on said 'Novelty Works” to secure the purchase monev, and it was ordered that the same-be sold unless said sum of $6,170 was paid into court in forty days, for cash, and without the right to redeem.
The validity of this judgment is impeached upon several grounds, chiefly because the record or entry of the judgment does not show in what case it is made. We are of opinion, although the entry is erroneously entitled as of a case of D. M. Wisdom, Clk, etc., v. Keith and Rushing, that the body of the judgment does fully' show that it is entered in the case, of Woollard et al. v. “The Novelty Works,” and that the “Novelty Works” was the property sold in that case, and that the judgment was rendered on the last note due for said purchase.
The difference in this case and that of Rucker v. Moore [1 Heis., 726], is that there was nothing in the judgment to show that there was such a case as Hucker v. Moore, nor that the judgment was in fact rendered in a different case. In this case the recitals of the judgment show that it was rendered in the proper case, Wisdom’s official character and his appointment, and authority to make the sale and take other steps are fully recited.
And we are of opinion facts enough appear upon the face of the judgment itself 1» establish its validity.
The chancellor’s judgment and decree will be affirmed, and executed by the clerk of the court.